RUSSELL *v.* FURNITURE RENEWAL, INC. *et al.*

(*Knoxville*, September Term, 1940.)

Opinion filed June 14, 1941.

GUINN & MITCHELL, of Johnson City, for plaintiff in error.

SIMMONDS & BOWMAN, of Johnson City, for defendants in error.

MR. JUSTICE McKINNEY delivered the opinion of the Court.

Plaintiff sues for injuries alleged to have been received when she drove her automobile into the rear end of a truck owned by defendant, Furniture Renewal, Incor-

porated, and operated by its employee, defendant, Harry Hagler.

The jury returned a verdict in favor of defendants, which verdict was approved by the trial court and his judgment affirmed by the Court of Appeals.

The only errors assigned relate to the charge of the court.

The accident happened at a busy street crossing in Johnson City where a traffic light hangs over the street intersection. The accident occurred about eight-thirty in the morning. Hagler was driving west on Main Street and stopped at this intersection because the red light was on. There were three automobiles in front of him between his truck and the red light, and Mrs. Russell was driving her Chevrolet automobile immediately behind the truck which he was operating. The first car nearest the traffic light was a taxicab; the second one was unidentified; the third car was driven by Mr. Burdick; then the truck driven by Hagler, followed by Mrs. Russell's automobile.

When the light changed the line of traffic started forward very slowly. When it moved about three car lengths the taxi stopped to discharge a passenger. At that time a car was approaching from the opposite direction, and by reason of automobiles being parked on both sides of the street there was not sufficient room for cars following the taxicab to go around it, the result being that the entire line of traffic was stopped suddenly. The front end of the truck driven by Hagler was about three feet to the rear of the Burdick car when the line of traffic stopped.

The record does not show the exact distance between the furniture truck and the plaintiff's automobile when the line of traffic stopped the second time; but, according to the testimony of plaintiff, the distance between the

two vehicles when they stopped the first time was five or six steps, and the line of traffic was barely moving until the second stop was made. Plaintiff further testified that she was looking right at the furniture truck and saw it stop. Hagler did not extend his arm before stopping the second time nor neither did Burdick, and Hagler gave no signal by the taillight that he was going to stop, his truck not being equipped to give such a signal. Hagler stopped without hitting the Burdick car; but Mrs. Russell ran into the rear of the furniture truck, damaging her car to the extent of $29.40 and, according to her theory, causing serious injuries to her person, although it was twenty-four days before she called a physician.

The first count, based on common-law negligence, was submitted to the jury.

The second count is based upon the following provisions of Chapter 245, Public Acts of 1937, to-wit:

"Sec. 2. Be it further enacted, That Section 2 be amended by striking all of said section and substituting in lieu thereof the following: Any person driving a vehicle on a highway shall drive the same at a careful speed not greater nor less than is reasonable and proper, having due regard to the traffic, surface and width of the highway and of any other conditions then existing. Any person who shall drive any vehicle upon a highway at such a speed as to endanger the life, limb, or property of any person, or so as to unnecessarily block, hinder or retard the orderly and safe use of the highway by those following, or so as to cause congestion on the highway shall be prima facie guilty of reckless driving. . . .

"(d) 1. Every driver who intends to start, stop, or turn, or partly turn from a direct line, shall first see that such movement can be made in safety and whenever the

operation of any other vehicle may be affected by such movement shall give a signal required in this section, plainly visible to the driver of such other vehicle of his intention to make such movement. . . .

"5. For slowing down or to stop, the arm shall be extended downward.

"6. Such signals shall be given continuously for a distance of at least fifty (50) feet before slowing down, stopping, turning, partly turning, or materially altering the course of the vehicle."

It is the contention of counsel for the plaintiff that the court committed prejudicial error in charging the jury, in effect, that they could ignore the second count since the statutes relied upon do not enlarge the duty and responsibility imposed by the common law. We quote from the charge of the court the following, which embraces the portions as to which complaint is made:

"This suit, gentlemen of the jury, is brought upon the theory of negligence, which supposes a duty and a discharge of that duty, which means in law that every person is required to conduct himself or herself as a reasonable prudent person would under the same or similar circumstances to avoid doing injury to another. If he fails to do that that is negligence. Also, as a person under the common law is required to use that degree of care that a prudent careful person would under the same or similar circumstances to avoid being injured. Failure to do that is negligence, and I instruct you, gentlemen of the jury, that in the consideration of this question of negligence under the common law you will not set up any arbitrary standard, but you will consider the conduct of the parties, both the defendant and the plaintiff, whether it was what an ordinary prudent person would do under the same or similar circumstances; that is, what a per-

son of ordinary prudence would do under the same or similar circumstances.

"Before negligence may be the grounds for recovery or may defeat recovery, it must have had a proximate connection with the injury; that is, it must have proximately caused it or concurred in causing or contributed to causing it. By proximate is meant the direct and immediate cause, the particular thing but for which there would have been no injury.

"I instruct you, gentlemen of the jury, that there has been considerable discussion both by the plaintiff and defendant of our so-called reckless driving statute. I further instruct you, gentlemen, that neither of the statutes relied on or sought to be relied on here by the defendant or the plaintiff in any way enlarges the responsibility and duty of the persons involved in the collision, devolved upon them by the common law. Therefore, you may wholly disregard any law that may have been read or any argument that you may have heard regarding that particular statute.

"I instruct you further regarding the statute which provides that when a person is about to slow down or stop the arm shall be extended from the side of the car downward; that such signals shall be given continuously for a distance of at least fifty feet before slowing down, stopping, turning, partly turning or materially altering the course of the vehicle. I instruct you, gentlemen, that this statute has no application where the stopping or slowing down is done in an emergency and the person does not have time to give the signals required by statute.

"I further instruct you, gentlemen of the jury, that there is no requirement by statute that a truck operating in daylight shall have a tail or stop light burning either when they stop or when in movement. You will consider

all the circumstances involving the question of negligence in the light of what an ordinarily prudent person would have done under the same or similar circumstances."

While, perhaps, it cannot be accurately stated that the duties and responsibilities imposed by these statutes do not enlarge the duties and responsibilities imposed by the common law, we are of the opinion that under the uncontroverted facts this was, as found by the other courts, an emergency, so that these statutes could not be followed and were inapplicable; hence the error was harmless.

■■ We are further of the opinion that Hagler was not guilty of any negligence, while the plaintiff was guilty of contributory negligence in not having her automobile under control under the circumstances of this case.

In 47 A. L. R., 703, the annotator said:

"The general rule is that, although ordinarily a signal warning vehicles in the rear is necessary when the vehicle in front is stopped, nevertheless there is imposed upon the operators of the rear vehicles the corresponding duty of having their vehicles under such control as to be able to stop in time to prevent running into the car ahead in case the latter vehicle comes to a sudden stop in case of an emergency or in obedience to traffic signals."

■■ Many cases are cited in support of the text; also, in annotations in 24 A. L. R., 508, 62 A. L. R. 970, and 104 A. L. R., 485.

Such a rule is practical, sensible, and necessary, for it is a well-known fact that in a long, slow-moving line of vehicles the procession is likely to come to a sudden stop at any time; and it is therefore the duty of an operator of an automobile to have his vehicle under such control and at such a distance from the car ahead of him that when such sudden stop is made he can bring his machine

to a standstill without striking the one immediately in front of him.

Finding no reversible error in the record, it results that the petition for writ of *certiorari* is denied.