# EDWARD E. HOWARD, Plaintiff-In-Error, v. DEWEY MOTOR COMPANY, Defendant-In-Error.—363 S. W. (2d) 206.

Western Section. December 20, 1961.

Certiorari Denied by Supreme Court May 4, 1962.

632

Eulyse M. Smith, Memphis, for plaintiff in error.

Emmett W. Braden, Elmore Holmes, III, Armstrong, McCadden, Allen, Braden & Goodman, Memphis, for defendant in error.

CARNEY, J. Plaintiff Edward E. Howard brought suit for personal injuries sustained in an automobile collision. In the Court below there was a jury verdict in favor of the defendant, Dewey Motor Company. The plaintiff, Howard, has appealed in error.

Mr. Howard was employed as a salesman for Chuck Hutton Motor Company, Dodge dealer in Memphis, Tennessee. On February 21, 1959, a customer walked into the Chuck Hutton showroom and asked the plaintiff about trading his 1956 Buick for a new Dodge which was on

display for sale. Plaintiff Howard explained that the 1956 Buick would have to be inspected and appraised. The customer then handed to plaintiff the keys to the Buick with instructions to test or check the car in any manner he saw fit.

Plaintiff then handed the keys to a fellow employee, Edward R. Johnson, and asked him to assist him in testing and appraising the Buick automobile. Plaintiff Howard had been employed by Chuck Hutton Motor Company about two months; the salesman, Johnson, several years.

Chuck Hutton Motor Company faces south on Union Avenue in Memphis. Salesman Johnson got under the wheel of the Buick with Plaintiff Howard on the front seat at his right side. Johnson drove west on Union Avenue about 100 feet and then turned north into a sixteen-foot driveway or lane separating the property of Chuck Hutton Motor Company and the property of defendant, Dewey Motor Company, Volkswagen dealer in Memphis, Tennessee. While the plaintiff and Johnson were proceeding northward along the private driveway or alley, the right front end of the Buick crashed into the front of a Volkswagon panel delivery truck being driven by Neil Rape, employee of defendant Dewey Motor Company.

The Volkswagen had been repaired in the garage of Chuck Hutton Motor Company and was being returned to the Dewey Motor Company at the time of the collision. The driver of the Volkswagen was travelling westward across the property of Chuck Hutton Motor Company and generally at right angles to the path of the Buick automobile. Numerous automobiles and/or trucks be-

longing to Chuck Hutton were parked in the area. The view of the driver of the Volkswagen to his left was obscured by these vehicles. The view of Mr. Johnson to his right was obscured by the same vehicles.

Both cars were damaged considerably. Plaintiff sustained severe injuries to his back and spine as a result of the collision.

■ Assignments of error II, III, and IV that the verdict is against the weight of the evidence, against the law and the evidence and that the evidence preponderates in favor of the plaintiff present no questions for consideration by this Court and they must be overruled.

Assignment of error No. I is that there is no material evidence to support the verdict of the jury.

Assignments of error V, VI and VII are as follows:

## "V.

"The Court erred in charging the jury over the objection of the plaintiff that the negligence of Johnson, the driver of the automobile in which plaintiff was a passenger, would be imputed to the plaintiff as a matter of law as both parties were engaged in a joint venture.

## "VI.

"The Court erred in charging that the negligence of the driver of the automobile in which the plaintiff was a passenger would bar a recovery by the plaintiff if such negligence was proximate. The question of joint venture at best was a jury question.

"VII.

"The Court erred in not submitting the question of whether the plaintiff and the driver of the automobile in which he was a passenger were on a joint venture at the time and place in question to the jury."

■ His Honor the Trial Judge was of opinion that the plaintiff Howard and his fellow salesman, Johnson, were on a joint venture; namely the test driving and appraisal of the Buick automobile at the time of the collision, and that therefore the negligence, if any, of Mr. Johnson, the driver of the Buick, was imputable to the plaintiff. Of course, the general rule is that if an occupant of an automobile is engaged in a joint enterprise with the driver and is injured by reason of the concurrent proximate negligence of the driver and a third person, the driver's contributory negligence will be imputed to such occupant and will bar a recovery by him against the third person. 5A Am.Jur.—Automobiles and Highway Traffic—Section 826, page 765; Schwartz v. Johnson, (1925), 152 Tenn. 586, 280 S. W. 32, 47 A. L. R. 323; Berryman v. Dilworth, (1942), 178 Tenn. 566, 160 S. W. (2d) 899.

"*  *  * The underlying principle of the cases holding the negligence of one of the parties to a joint adventure imputable to the other must be that each of the parties is the agent of the other, that each is entitled to direct the other in the prosecution of the common enterprise. Thompson on Negligence, section 506.  *  *  *

"To justify the imputation of negligence, there must be agency on the one hand, authority on the other. One cannot ordinarily be charged with things beyond his

power to avoid. See Little v. Hackett, 6 S. Ct. 391, 116 U. S. 366, 29 L. Ed. 652." Schwartz v. Johnson, 152 Tenn. 591, 280 S. W. 33.

In the case of Angel v. McClean, (1938), 173 Tenn. 191, 116 S. W. (2d) 1005, our Tennessee Supreme Court held that the negligence of a husband who was driving his wife's car was imputable to his wife, Mrs. McClean who owned the car and was riding therein at the time of the accident. In the McClean case our Supreme Court quoted from an older case of Turnpike Co. v. Yates, 108 Tenn. 428, 440, 67 S. W. 69, 72, as follows:

"In Turnpike Co. v. Yates, 108 Tenn. 428, 440, 67 S. W. 69, 72, this court quoted approvingly from A. & E. Ency. Law, Vol. 7, p. 448, as follows:

" 'The true principle seems to be that, when a person is injured by the negligence of the defendant and the contributory negligence of one with whom the injured person is riding as a guest or companion, such negligence is not imputable to the injured person; while, on the other hand, it may be imputable when the injured person is in a position to exercise authority or control over the driver.' "

In the case at bar the plaintiff and his fellow salesman, Mr. Johnson, both testified that it was customary at Chuck Hutton Motor Company to have more than one of the company salesmen test and appraise a customer's used car which was being offered for trade on a new Dodge.

The fellow salesman, Johnson, was driving the automobile at the request of plaintiff Howard and was not expecting to receive any compensation for his services

in test driving and appraising the Buick. He would have been entitled to a part of the commission only in the event he was called in later to assist in the actual sale of the new car to the customer.

Whether we consider the salesman, Johnson, the agent of plaintiff Howard or the agent of Chuck Hutton Motor Company, or agent of both, plaintiff, as bailee of his customer's automobile at the time of the accident, had a right of control of the automobile equal to or superior to that of the salesman Johnson.

Therefore, we think His Honor the Trial Judge correctly charged the jury that the negligence, if any, of the driver Johnson was imputable to the plaintiff as a matter of law in his action against the defendant, Dewey Motor Company. Hence, assignments of error V, VI and VII are respectfully overruled.

In our opinion assignment of error No. I must also be overruled. The proof showed that at the time of the accident the Dewey Motor Company followed a regular practice of having the body work on its vehicles as well as vehicles of its customers done at the garage of the Chuck Hutton Motor Company.

The east-west lane between the property of Dewey Motor Company and the Chuck Hutton Garage was frequently used to carry the Volkswagens to and from the Chuck Hutton Motor Company. The several vehicles parked on the Chuck Hutton lot obscured the vision of Mr. Johnson to his right as he drove northward along the alley or lane and obscured the vision of Neil Rape as he proceeded westward in the Volkswagen truck across the alleyway. Mr. Rape testified that he entered the alleyway at a very, very slow rate of speed because he

could not see to his left and that Mr. Johnson was driving at a considerably higher rate of speed at the time the two vehicles collided. We think there was ample evidence upon which the jury could have and apparently did find both salesman Johnson and driver Rape guilty of proximate negligence.

The judgment of the lower court will be affirmed and the cost taxed against the plaintiff-in-error and the surety on his appeal bond.

Avery P. J. (W. S.) and Bejach, J., concur.