FILED

Nov. 15, 1995

Cecil Crowson, Jr.
Appellate Court Clerk

JUNE R. HUSTED,                          )
mother and next-of-kin of                )
TODD E. HUSTED, Deceased,                )
                                         )
          Plaintiff/Appellant,           )
                                         )    Davidson Sixth Circuit
                                         )    No.  89C-2247
VS.                                      )
                                         )    Appeal No.
                                         )    01-A-01-9507-CV-00286
EVERETT ECHOLS, III, M.D.,               )
                                         )
          Defendant/Appellee,            )
                                         )
METROPOLITAN GOVERNMENT OF              )
NASHVILLE AND DAVIDSON COUNTY,)
TENNESSEE, ET AL,                        )
                                         )
          Defendants.                    )


IN THE COURT OF APPEALS OF TENNESSEE

MIDDLE SECTION AT NASHVILLE


APPEAL FROM THE SIXTH CIRCUIT COURT OF DAVIDSON COUNTY

AT NASHVILLE, TENNESSEE


HONORABLE THOMAS W. BROTHERS, JUDGE



JOSEPH H. JOHNSTON
P.O. Box 120874
Nashville, Tennessee  37212
ATTORNEY FOR PLAINTIFF/APPELLANT


Lawrence E. Levine
Jill A.  Hanson
LEVINE, MATTSON, ORR & GERACIOTI
210 Third Avenue, North
P.O. Box 190683
Nashville, Tennessee  37219-0683
ATTORNEYS FOR DEFENDANT/APPELLEE


REVERSED AND REMANDED


                        HENRY F. TODD
                        PRESIDING JUDGE, MIDDLE SECTION
CONCUR:
SAMUEL L. LEWIS, JUDGE
BEN H. CANTRELL, JUDGE

JUNE R. HUSTED,                                    )
mother and next-of-kin of                          )
TODD E. HUSTED, Deceased,                           )
                                                   )
      Plaintiff/Appellant,                      )
                                                   )  Davidson Sixth Circuit
                                                   )  No. 89C-2247
VS.                                                )
                                                   )  Appeal No.
                                                   )  01-A-01-9507-CV-00286
EVERETT ECHOLS, III, M.D.,                          )
                                                   )
      Defendant/Appellee,                       )
                                                   )
METROPOLITAN GOVERNMENT OF                          )
NASHVILLE AND DAVIDSON COUNTY,)
TENNESSEE, ET AL,                                   )
                                                   )
      Defendants.                                )

O P I N I O N

This is a suit for wrongful death by suicide allegedly resulting from negligence of the defendant, a psychiatrist. After a jury could not agree upon a verdict, the Trial Judge directed a verdict and dismissed the suit. Plaintiff has appealed and presented a single issue as follows:

> Whether the negligent misconduct of defendant Dr. Everett
> Echols was a proximate cause of the death of plaintiff's
> decedent, Todd Husted.

The record contains evidence from which the following facts could be found:

On May 30, 1988, deceased was incarcerated in the Metropolitan Jail of Metropolitan Nashville. The defendant was employed to treat the inmates of the jail on a part time basis. On May 31, 1989, defendant examined deceased, prescribed lithium, cogentin and amoxipen, and ordered two blood tests for presence of drugs, one immediately and one seven days later. One of the purposes of the first test was to ascertain the amount of antipsychotic medication present in the blood of deceased prior to ingesting the drugs prescribed by defendant. One of the purposes of the second test was to ascertain the blood level of medication resulting from the ingestion of the drugs prescribed by defendant as a guide to the amount of drugs to be prescribed thereafter.

-2-

On June 3, 1988, the mother of deceased mailed to the jail psychologist certain medical and psychiatric records of deceased which listed four previous suicide attempts. On June 7, 1988, the mother and the psychologist talked by phone. On the same date, the psychologist conveyed to defendant the information received about previous suicide attempts.

On June 14, 1988, defendant renewed the same three prescriptions without re-examining deceased or his medical records. On June 20, 1988, deceased committed suicide. A test of his blood at that time showed no measurable content of lithium. No blood samples were ever taken or tested as ordered by defendant. Deceased committed suicide while in a psychotic state because of the lack of medication in his blood. Defendant had no idea of whether deceased was taking the prescribed medications because he never saw any blood test results.

The general rule is that a finding of negligence of a physician must be based upon competent expert testimony of "the recognized standard of acceptable medical practice in the profession and specialty thereof, if any, that the defendant practices in the community in which he practices or in a similar community at the time the alleged injury or wrongful action occurred." T.C.A. Section 29-26-115. *Stokes v. Leung,* Tenn. App. 1982, 651 S.W.2d 704.

There is evidence in this record to support a jury finding that the death of deceased was due, at least in part, to the negligence of defendant. Dr. James F. Hooper, a qualified psychiatrist, testified in part as follows:

> A.      Dr. Echols saw this man, evaluated him, decided that he was psychotic, and started him on medication. He put him on medications for a 14-day period.
>
> He re-prescribed that medication without seeing the patient, without reviewing the chart, without looking at any of the lab data that he had ordered, relying, basically, on the word of someone that worked at the jail who said this guy seems to be doing okay. And I think that's below a reasonable standard of care.
>
> . . . .

THE WITNESS: At a minimum, Dr. Echols should have re-examined the patient, before he re-prescribed the medication.

He had ordered some lab tests. They had not come back. He did not bother to find out whether these lab tests had been done or not, or what the results were, so he had no idea as to whether his Lithium level was high, low, or what.

He had been advised by his supervisor, according to this hypothetical, that he should see the patient and reevaluate him. He did not reevaluate him.

He had expressed an interest in receiving further history. He had not reviewed any further history, either from the medical chart, or a direct phone call to Dr. Husted, the patient's mother, herself a psychologist, or even communicating with Mr. Trageser, to see if there were other records available.

Somebody just said the patient seems like they're doing okay, so he re-prescribed the medications.

. . . .

A. I believe that Todd Husted's suicidal behavior made him a clearly foreseeable suicide risk, and that Dr. Echols' failure to adequately evaluate and treat Todd Husted was a direct proximal cause of his death by suicide.

In a jury case, the issues of negligence and proximate cause are generally for the jury. Such issues may be pre-empted by the Trial Judge only where the evidence and reasonable inferences therefrom are so free of conflict that all reasonable minds would agree with the decision of the Trial Judge. *Williams v. Brown,* Tenn. 1993, 860 S.W.2d 854, 857.

Defendant insists that the proof of proximate cause was incomplete because there was no evidence that the suicide of deceased was foreseeable. On June 14, 1988, when defendant re-prescribed medication without seeing deceased or his record, the record, if examined, would have included a letter from the psychologist-mother of deceased narrating his history of attempted suicide and self-mutilation.

Under the circumstances, it was error to direct a verdict for the defendant and dismiss the suit.

The judgment of the Trial Court dismissing the suit against this defendant is reversed and vacated, and the cause is remanded for a new jury trial.  Costs of this appeal are taxed against the defendant-appellee.

Reversed and Remanded.

_____
HENRY F. TODD
PRESIDING JUDGE, MIDDLE SECTION

CONCUR:


_____
SAMUEL L. LEWIS, JUDGE


_____
BEN H. CANTRELL, JUDGE