**Inez P. IRVIN and Wallace Irvin**

v.

**CITY OF KINGSPORT**

v.

**Kristin MOORE.**

**Kristin Marie MOORE**

v.

**CITY OF KINGSPORT.**

**Donald B. ROBERTSON, Jr.**

v.

**CITY OF KINGSPORT**

v.

**Kristin Marie MOORE.**

Court of Appeals of Tennessee, Eastern Section.

March 14, 1980.

Application for Permission to Appeal Denied by Supreme Court

July 28, 1980.

Thomas C. McKee of Herndon, Coleman, Brading & McKee, Johnson City and Walter O. Waddey of Waddey & Blankenship, Kingsport, for appellant, Kristin Marie Moore.

Edwin L. Treadway and William T. Wray, Jr., Kingsport, for City of Kingsport.

William Hawkins, Kingsport, for Inez P. Irvin and Wallace Irvin.

Richard E. Hopson, Kingsport, for Donald B. Robertson, Jr.

## OPINION

PARROTT, Presiding Judge.

These several suits grow out of a collision of a car with a mechanical street sweeper. Kristin Moore was driving a car that contained passenger Inez P. Irvin and collided with a street sweeper owned by the City of Kingsport. The Moore car careened into the other southbound traffic lane and was struck by a truck owned by Swan's Bakery and driven by Donald B. Robertson, Jr.

Inez P. Irvin and husband Wallace brought suit seeking damages for personal injuries and loss of services against the City of Kingsport. A similar action was filed by Kristin Moore against the City of Kingsport. Then a third action was filed by Donald B. Robertson, Jr. against the City of Kingsport and Kristin Moore. Subsequently, Mr. Robertson took a nonsuit as to Kristin Moore.

The City of Kingsport filed an answer to each of the suits and by third-party complaint and cross-claim sought contribution from Kristin Moore in the Irvin and Robertson actions.

At the trial below, Circuit Judge Richard E. Ladd, sitting without a jury, found the City of Kingsport's negligence in the manner it operated the street sweeper to be the proximate cause of the accident. He found Kristin Moore guilty of negligence which combined and concurred with the negligence of the City of Kingsport and dismissed Kristin Moore's suit for damages. It was further found that Donald B. Robertson, Jr. was guilty of remote contributory negligence and awarded the sum of $2500.00 against the City of Kingsport. He also found that Inez P. Irvin was guilty of no negligence and she was awarded $76,000.00 and her husband $22,500.00. The circuit judge sustained the third-party complaint of the City of Kingsport and directed Kristin Moore to pay the City of Kingsport one-half of the judgments awarded the Irvins and Robertson.

From the circuit judge's findings, Kristin Moore has appealed insisting it was error to find her guilty of negligence which proximately contributed to the accident; it was error to rule inadmissible evidence in relation to previous accidents involving the same type of operation by the City; it was error to find that the negligence of the City of Kingsport was not gross in character; and it was error to not find that Miss Moore was an employee of Avis Rent-A-Car.

This accident occurred at approximately 9:15 a. m. February 9, 1978, on U.S. Highway 23, also known as Fort Henry Drive, within the city limits of Kingsport. At the point of the accident the highway is four lanes with a paved shoulder or parking lane. It was a cold morning and the temperature was still below freezing. All of the parties involved were driving in a southerly direction. Kristin Moore and her passenger, Mrs. Irvin, were traveling in the outside lane. Donald B. Robertson, Jr., driver of a Swan's snub-nose bread truck, was in the inside lane three to four car lengths behind the Moore vehicle. Another car identified as a Pacer was a short distance behind the Moore and Robertson vehicles.

The City of Kingsport's mechanical street sweeper operated by Franklin D. McMahan was sweeping the shoulder or parking lane and extended over into the outside lane of the highway one and one-half to two feet. Due to the cold weather, the sprinkling apparatus on the sweeper was not being used and the sweeper was leaving a trail of dust some 25 to 40 feet high and, according to the proof, extending some 250 to 500 feet behind the sweeper. McMahan testified the sweeper was traveling at 3 to 5 miles an hour.

The Moore and Robertson vehicles, as they traveled south, came up a hill which was flat on top for a very short distance. Both drivers say that as they topped the hill, they observed the cloud of dust which has been described as "a wall of dust" and like a "blanket." Some observers thought the dust to be fog or smoke. All witnesses traveling south say they did not see or know the street sweeper was in operation at the time they entered the dust cloud. Mr. Robertson says the dust extended 40 to 50 feet from the top of the hill and other witnesses testified that the collision occurred 600 feet from the top of the hill.

Mr. Robertson observed Miss Moore's brake lights coming on before she entered the dust. Miss Moore and her guest passenger both testified the car brakes were applied before they entered the dust. The proof reveals that Miss Moore laid down some 66.6 feet of skid marks before her car struck the street sweeper, and after the impact, the sweeper skidded 12 feet.

Mr. Robertson testified that at the time his truck struck the rear of the Moore car his speed had been reduced to 25–30 miles an hour and that the Moore car was traveling even slower than he was at the time it struck the street sweeper. The dust was so thick he could not see the Moore car but could look over the snub-nose truck and see the highway lines. He heard the brakes screech on the Moore car and then saw the Moore car in time to swerve his truck to the left. Mr. Robertson's skid marks were shorter than the Moore skid marks.

The City of Kingsport called as a witness Alexander B. Moore, associate professor of engineering at the University of Tennessee who is known as an accident reconstruction specialist. He testified that he had reviewed the accident scene, was told the Moore car was traveling 40 miles an hour some 500 feet from the point of impact, had seen photographs of the skid marks, had seen the accident report and pictures of the damage to the vehicles, and from this information he was of the opinion that at the time the Moore car struck the sweeper, it was traveling 38–44 miles an hour. This was based partly on the density and blackness of the skid marks which told him there was very little chat or dust on the highway. It should be noted that Professor Moore assumed the street sweeper weighed 12,000 pounds. There is no proof to support this assumption. He further testified that at a speed of 40 miles an hour on this particular highway, the skid distance to a full stop would be 82 feet but when you consider the reaction time to apply the brakes, it would require approximately 199 feet to 200 feet to come to a stop. Also, a car traveling at 40 miles an hour would travel the 500 feet from the top of the hill in slightly over 8½ seconds.

Shelburne Ferguson, Jr., a Kingsport attorney of 14 years, was traveling in the opposite direction as the vehicles involved in this accident. It was his testimony that the Moore car was traveling at approximately

40 miles an hour when it entered the dust cloud and the dust cloud was approximately 25–30 feet high and extended approximately half way up the hill. Attorney Ferguson said that from the time the Moore vehicle could see the dust cloud, it was less than two seconds before the car was engulfed in the cloud. Once the car entered the dust, he could no longer see the Moore vehicle until he saw it veer around to the left after striking the sweeper.

From the circuit judge's finding that Miss Moore was guilty of contributory negligence which barred any recovery on her part, we must assume he gave great weight to the testimony of Professor Moore and that her car was traveling 38–44 miles per hour at the time of impact, and declined to apply the doctrine of sudden emergency.

We find ourselves unable to give great weight to Professor Moore's testimony. As we pointed out, he assumed the weight of the street sweeper to be 12,000 pounds without the benefit of proof. Also, one of the facts relied upon in determining the speed of the Moore car was that the street sweeper was knocked 12 feet after impact. He admitted that he assumed that upon impact, since the rear left wheels of the sweeper were damaged, the wheels on the street sweeper immediately locked. It was pointed out to him on cross-examination that the damaged left rear wheels on the sweeper made at least one revolution before locking. Also, all the other evidence—even the disinterested witness, Attorney Ferguson, testified that Miss Moore's speed did not exceed 40 miles an hour before entering the cloud of dust, and three witnesses, including truck driver Robertson, testified that she applied her brakes before entering the cloud of dust—makes it more than difficult to believe Miss Moore increased her speed to 44 miles per hour after entering the dust cloud.

■ Tennessee, along with most other jurisdictions, has long recognized the doctrine of sudden emergency. Under the doctrine, one confronted with a sudden emergency is not held to the same accuracy of judgment as would be required if he had time for deliberation; and if he exercises such care as an ordinarily prudent person would exercise in a like emergency, he is not liable for the resulting injury. The arising of an emergency does not, however, relieve one from the obligation of exercising ordinary care under the circumstances. *Moody v. Gulf Refining Co.*, 142 Tenn. 280, 218 S.W. 817 (1920); *McClard v. Reed*, 190 Tenn. 337, 229 S.W.2d 505 (1950); *Coleman v. Barnes*, 34 Tenn.App. 680, 242 S.W.2d 85 (1951).

■ We think that if this had been a jury case, plaintiff Moore under the facts of this case would have been entitled to a charge of the sudden emergency doctrine. Even though this is a nonjury case, under these facts we think the doctrine is applicable and Miss Moore is not guilty of contributory negligence as a matter of law but at the most would be guilty of remote contributory negligence.

Also, another inconsistency is that the circuit judge found Mr. Robertson, the driver of the bread truck, who at the time of impact was only two to three car lengths away in the other lane and driving at an even higher rate of speed than Miss Moore, was guilty of only remote contributory negligence but found Miss Moore guilty of contributory negligence. We think these two parties' situations were so similar that if one was only guilty of remote contributory negligence, the other would be guilty of only remote contributory negligence.

■ Finally, we come to the consideration of the insistence that both Mrs. Irvin and Miss Moore were employees of Avis Rent-A-Car which would, by statute, bar any suit by Inez P. Irvin against Miss Moore and make Miss Moore immune from any claim of contribution on any judgment rendered against the City of Kingsport in favor of Mrs. Irvin. It is undisputed that Miss Moore was a full-time employee of Appalachian Airlines at Tri-Cities Airport as a reservation clerk. Mrs. Irvin was employed by Avis Rent-A-Car and worked at the same airport. Occasionally and sometimes as often as twice a week Miss Moore

was asked by Mrs. Irvin to shuttle an Avis car to or from Kingsport. Mrs. Irvin paid Miss Moore out of the petty cash fund $2.00 for each of these trips. Also employees of Avis would shuttle some of the cars. We think under this proof that Miss Moore was clearly an independent contractor hired on a trip basis and in no way could be an employee of Avis.

It results that the circuit judge's finding Miss Moore guilty of contributory negligence is reversed, the cause is remanded as to her for the determination of whether or not she is entitled to damages. In the discretion of the circuit judge the cause will remain open for the introduction of any further proof he deems necessary. As to all other parties, the judgment is affirmed.

Let the costs incident to this appeal be taxed to the City of Kingsport. All other costs will abide the outcome and be taxed within the discretion of the circuit judge.

GODDARD and FRANKS, JJ., concur.

## OPINION ON PETITION TO REHEAR

Appellee, City of Kingsport, has filed a petition to rehear, the gist of which appears to be: if Miss Moore had reacted in a similar manner as truck driver Robertson and steered to the left, the collision would have been avoided. It is insisted that Miss Moore's driving straight ahead was contributory negligence when she had the alternative opportunity to steer to the left and avoid the accident.

There is one flaw in petitioner's argument. So far as the record shows, to Mr. Robertson's left was clear but to Miss Moore's left was the Robertson vehicle. If she had reacted similar to Mr. Robertson, she stood a great chance of pulling into the side of or being hit by the Robertson truck from the rear. Under the circumstances Miss Moore had very little choice but to strike the street sweeper or probably be struck by the Robertson vehicle. We recognize that Miss Moore, confronted with a sudden emergency, was not relieved of the obligation to exercise ordinary care under the circumstances that existed. However,

as we pointed out in the original opinion, if she exercised such care as an ordinary prudent person would in a like emergency, she is not liable for the resulting injury. Under the circumstances that existed when this accident occurred, we see no way that Miss Moore could determine ahead of time how she could entirely extricate herself from a collision. Without time to deliberate, we do not believe the accuracy of the judgment used under the circumstances warrants a finding that she is guilty of contributory negligence.

Let the petition to rehear be denied.

GODDARD and FRANKS, JJ., concur.