Cynthia Lane NELSON by Esther Christiansen Brasfield, and Michael Nelson and Mark Nelson, b/n/f Esther Christiansen Brasfield, Plaintiffs-Appellants,

v.

Frank E. RICHARDSON, Henry W. Shirley, Administrator of the Estate of Ronnie Shirley, and Conalco Contract Carriers, Inc., Defendants-Appellees.

Frank E. RICHARDSON and Conalco Contract Carriers, Inc., Cross-Plaintiffs-Appellees-Appellants,

v.

Henry W. SHIRLEY, Administrator of the Estate of Ronnie Shirley, Cross-Defendant.

Pamela Darlene SHIRLEY, Guardian, Substituted for Henry W. Shirley, Administrator of the estate of Ronnie Shirley, Deceased, Plaintiff,

v.

Frank E. RICHARDSON and Conalco Contract Carriers, Inc., Defendants.

Court of Appeals of Tennessee, Middle Section at Nashville.

Aug. 26, 1981.

Permission to Appeal Denied by Supreme Court Nov. 30, 1981.

Rehearing Denied Feb. 1, 1982.

James C. Vance, Nashville, for plaintiff-appellant Nelson.

William T. McHugh, Nashville, Billy C. Jack, Columbia, for Shirley.

S. McP. Glasgow, Jr. and Randolph A. Veazey, Nashville, Douglas T. Bates, III, Centerville, for Richardson and Conalco.

## OPINION

LEWIS, Judge.

This appeal arises out of an automobile-truck collision which occurred on Interstate 40 in Hickman County, Tennessee, on the Duck River bridge. Defendant Frank E. Richardson (Richardson) was operating a tractor-trailer truck owned by his employer, defendant Conalco Contract Carriers, Inc. (Conalco), when it struck a 1974 Pontiac automobile owned by Ronnie Shirley and occupied by Mr. Shirley and Mrs. Cynthia Lane Nelson. Both Shirley and Nelson were killed instantly in the accident.

Suit was filed for the wrongful death of Mrs. Nelson in the name of her two minor sons, Michael Nelson and Mark Nelson b/n/f Esther Brasfield, their grandmother and legal guardian (Nelson), against Richardson, Conalco, and the Administrator of the Estate of Ronnie Shirley (Shirley). Suit was brought by the Administrator of the Estate of Ronnie Shirley against Richardson and Conalco.

Both Richardson and Conalco filed cross-complaints against Shirley for personal injuries and property damage respectively.

At the close of all the proof Nelson voluntarily dismissed its suit against Shirley.

After deliberation the jury returned a verdict against all plaintiffs, stating as follows:

THE COURT: Does the jury have a verdict?

THE FOREMAN: Yes, sir.

THE COURT: What is the jury's verdict?

THE FOREMAN: We, the jury, find this to be an unavoidable accident. Can we put it in that kind of terms?

THE COURT: You find then against all—

THE FOREMAN: Yes, sir. Nobody owes nobody nothing.

Judgment was entered on the verdict. All parties filed motions for a new trial, all of which were overruled, and all parties have duly perfected their appeals to this Court.

Nelson has presented three issues, the first is as follows:

Did the Trial Judge err in refusing to weigh the evidence as the 13th Juror and in entering judgment upon the verdict without personally and judicially approving the verdict?

▆ The appropriate process for the trial judge acting as thirteenth juror to follow is set out in detail in *James E. Strates Shows, Inc. v. Jakobik*, 554 S.W.2d 613 (Tenn.1977). On such a motion, "it is the duty of the trial judge to weigh the evidence and determine whether it preponderates against the verdict, and if so, to grant a new trial." 554 S.W.2d at 615. If the trial judge makes statements showing that he was not satisfied with the verdict, if the trial judge does not appear to have weighed and considered all of the evidence, if it is impossible to tell whether he has approved the verdict, or if he has disassociated himself from the verdict and has instead merely deferred to the jury, then in any of these instances, it is the duty of the appellate court to grant a new trial. *Id.* at 615–16. We are of the opinion, after a careful reading of the Trial Judge's remarks in overruling the motion for a new trial, that it cannot be maintained that the Trial Judge disassociated himself from the verdict of the jury or otherwise disapproved the verdict. At the conclusion of his ruling denying the motion for a new trial, he stated unequivocally: "[T]he plaintiff, I think, did a tremendous job in trying to make a case, and in my opinion, it just couldn't be done."

This issue is without merit.

Nelson's second issue is:

Whether it was error for the Court to refuse to set aside the verdict in favor of Defendants Richardson and Conalco there being no material evidence to support the verdict?

"It is the time honored rule in this State that in reviewing a judgment based upon a jury verdict the appellate courts are not at liberty to weigh the evidence or to decide where the preponderance lies, but are limited to determining whether there is material evidence to support the verdict; and in determining whether there is material evidence to support the verdict, the appellate court is required to take the strongest legitimate view of all the evidence in favor of the verdict, to assume the truth of all that tends to support it, allowing all reasonable inferences to sustain the verdict, and to discard all to the contrary. Having thus examined the record, if there be any material evidence to support the verdict, it must be affirmed; if it were otherwise, the parties would be deprived of their constitutional right to trial by jury." [Citations omitted.]

*Crabtree Masonry Co., Inc. v. C & R Construction, Inc.*, 575 S.W.2d 4, 5 (Tenn.1978).

▆ There is material evidence in the instant case to support the jury's finding that the accident was unavoidable.

"An unavoidable or inevitable accident is such an occurrence or happening as, under all attendant circumstances and conditions, could not have been foreseen or anticipated in the exercise of ordinary care as the proximate cause of injury by any of the parties concerned. In other words, where there is no evidence that the operator of the motor vehicle was negligent in any way, or that he could have anticipated the resulting accident, the accident is deemed to have been an unavoidable or inevitable one for which no recovery may be had."

7A Am.Jur.2d *Automobiles and Highway Traffic* § 397 (1980); *see also Black's Law Dictionary* 1693 (Rev. 4th ed. 1968).

In reaching its verdict, it is clear that the jury found that plaintiffs failed to show that Richardson, in striking the Shirley automobile, failed to use reasonable care. There were numerous facts in evidence upon which the jury could have based this conclusion.

The accident occurred at about 11:30 P. M. on an unlighted interstate bridge. Although Richardson stated that the weather played no role in the accident, almost all other witnesses on this point, including Tennessee Highway Patrolman Ronnie Henson, indicated that it was misting rain or lightly raining and that visibility was affected. Trooper Henson testified that visibility was poor.

There was evidence from which the jury could have found that the Shirley automobile had no headlights burning. The only surviving eyewitness to the accident was Richardson, who stated that there were no headlights and that he saw the dome light of the Shirley automobile come on just before the collision and that he then attempted to avoid the accident. Certain accident-reconstruction experts testified at trial that the head lights of the Shirley vehicle were on but another testified that, in his opinion, they were off. Just before the accident, a highway patrolman and a truck driver heard a CB radio transmission that there was "a car on the bridge without lights." The highway patrolman observed the lights of the truck preceding the Shirley vehicle and of Richardson's truck following it as he drove his own radar car west across the bridge. He did not observe any lights on the Shirley vehicle. He testified that he would have been able to have seen them had they been burning. There was evidence that one of the trucks preceding the Shirley vehicle across the bridge had seen the lights on what were probably both the Shirley car and the Richardson truck in his mirror shortly before the accident but noticed their sudden disappearance and suspected that something was wrong. However, even if the lights were on, this would not necessarily be inconsistent with the finding of the jury that Richardson was exercising reasonable care.

Both Richardson and the highway patrolman testified that Richardson was not speeding, that he was going fifty-five to fifty-seven miles per hour.

There was testimony from an accident-reconstruction expert based on analysis of damage to the Shirley vehicle and marks on the roadway and bridge that the car had suffered an unexplained single-car accident on the bridge prior to the collision with the tractor-trailer truck. This could account for both the forty-five degree angle of the car and for its lack of lights when struck by the vehicle driven by Richardson. These facts are consistent with a determination by the jury that Richardson was exercising due care but was unable to prevent the collision after the Shirley vehicle suddenly stopped on the bridge due to a one-car accident of unexplained origin.

This issue is without merit.

Nelson's third issue is:

The Trial Court erred in refusing to admit a portion of a videotape into evidence.

Tennessee Rule of Appellate Procedure 3(e) provides "that in all cases tried by a jury, no issue presented for review shall be predicated upon error in the admission or exclusion of evidence, ... unless the same was specifically stated in a motion for a new trial; otherwise such issues will be treated as waived." This error was not assigned in the motion for a new trial and is consequently waived.

Shirley has assigned three issues on appeal. The first and third of these are that the Trial Judge did not properly perform his function as thirteenth juror and that the verdict of the jury is not supported by material evidence. Both of these issues lack merit for the reasons discussed above.

Shirley's second issue is: "Did the Trial Court err in allowing the verdict of unavoidable accident and the finding as against all parties to stand?"

It is Shirley's insistence that the verdict of "unavoidable accident" was an inconsistent verdict and, therefore, a nullity

and void. This issue is based on the argument that the jury "found against all parties" and, therefore, there could not be a finding of unavoidable accident which implies that no negligence was involved. Shirley also seems to suggest that an "unavoidable accident" must involve an act of God or natural cause or irresistible forces. Counsel are also distressed because the verdict was rendered in ungrammatical language.

This issue is without merit. The jury did not find against all parties, but for all defendants against all plaintiffs. It concluded that no plaintiff carried his burden of proof in establishing negligence. There was nothing inconsistent in such a verdict.

Counsel suggest in their brief that the jury was not instructed to return a verdict of "unavoidable accident." However, the Trial Court did instruct the jury as follows:

"If, as to any of these claims, if after you consider all the evidence, if you just simply cannot conclude that either side has proven the claim by a preponderance of the evidence, if it's just a matter of conjecture, you're just left to where you have to guess, then it would be your duty to find against the claimant because the claimant has the burden of proof."

In determining that the accident occurred without negligence on the part of any party, the jury did find an unavoidable accident as defined in Am.Jur.2d, *supra*, and *Black's Law Dictionary, supra.*

Richardson and Conalco present two issues. First, that there was no material evidence to support the jury's verdict against them in their counterclaim.

All of the evidence indicated that the Shirley vehicle was stalled at a forty-five degree angle on the Duck River bridge at the time of impact. There was conflicting evidence as to whether its lights were on. But Richardson observed the dome light of the car come on just before the collision.

One accident-reconstruction expert, Dr. Humphreys, testified that he determined from analysis of the Shirley vehicle and marks on the bridge and on the road that the Shirley vehicle had been in a one-car accident just prior to being struck by the tractor-trailer truck. It was his testimony that something happened to cause the car to skid and hit the side of the bridge but he did not speculate on what the cause of the initial accident was.

It is fair to say that there was no evidence at all before the jury regarding the cause of the initial accident and this was entirely a matter of speculation insofar as the jury was concerned.

The jury was justified in concluding from all of the evidence that Richardson and Conalco had failed to carry their burden of proof that Shirley was negligent.

In view of our holding, we pretermit the second issue raised by Richardson and Conalco.

The judgment of the Trial Court is affirmed with costs to Nelson and Shirley. The cause is remanded to the Trial Court for the collection of costs and any further necessary proceedings.

CANTRELL and CONNER, JJ., concur.