**Thomas T. ELLISON and Hazel Ellison, Plaintiffs-Appellants,**

v.

**Phillip L. LANKFORD and Cudahy Meat Co., Defendants-Appellees.**

Court of Appeals of Tennessee, Eastern Section.

Feb. 24, 1983.

Permission to Appeal Denied by Supreme Court May 2, 1983.

James L. Milligan, Jr., of Milligan & Moore, Knoxville, for plaintiffs-appellants.

Earl R. Layman, Knoxville, for Cudahy Meat Co.; Key, Lee & Layman, Knoxville, of counsel.

OPINION

FRANKS, Judge.

Plaintiff, while towing a boat and motor behind his pickup truck, stopped because an oncoming tractor was across the center line of Highway 33 in Claiborne County and was struck from the rear by defendant.

Plaintiff appeals an adverse jury verdict and insists there was no material evidence to support the verdict and asserts there was no factual basis to charge the emergency doctrine on defendants' behalf.

Our scope of review is succinctly detailed in *Crabtree Masonry Co. v. C & R Const., Inc.*, 575 S.W.2d 4 (Tenn.1978):

> [I]n reviewing a judgment based upon a jury verdict the appellate courts are not at liberty to weigh the evidence or to decide where the preponderance lies, but are limited to determining whether there is material evidence to support the verdict; and in determining whether there is

material evidence to support the verdict, the appellate court is required to take the strongest legitimate view of all the evidence in favor of the verdict, to assume the truth of all that tends to support it, allowing all reasonable inferences to sustain the verdict, and to discard all to the contrary. Having thus examined the record, if there be any material evidence to support the verdict, it must be affirmed; if it were otherwise, the parties would be deprived of their constitutional right to trial by jury. [Citations omitted.] 575 S.W.2d at 5.

There is material evidence to support the jury's verdict. The defendant-operator testified he was operating his tractor-trailer at a speed of 25 to 35 m.p.h., as he came around a "blind" curve and saw the plaintiff ahead of him: that the plaintiff was stopping as fast as he could. The defendant-operator stated: "I saw [plaintiff's] brake lights come on. I automatically got on mine, you know, reaction time and all, and I looked up and there was a tractor-trailer on the bridge, and there was nowhere to go, and I was locking it down as hard as I could lock it down."; but he struck the boat and pushed it 10 or 11 feet, and concluded: "I just couldn't stop." He further testified he couldn't estimate his distance from the plaintiff at the time he first observed plaintiff.

Plaintiff argues defendant-operator was negligent as a matter of law for not being able to stop in time to prevent striking plaintiff's vehicle, citing *Russell v. Furniture Renewal, Inc.,* 177 Tenn. 525, 151 S.W.2d 1066 (1941). *Russell* involved a distinctly different fact situation in that the defendant in that case was in a line of slow moving traffic and was held to the duty to maintain his vehicle under such control and at such a distance from the vehicle ahead of him that he could stop without striking the other vehicle.

The standard applicable to the material facts most favorable to defendant is discussed in *Strickland Transp. Co. v. Douglas,* 37 Tenn.App. 421, 264 S.W.2d 233 (1953), wherein the court said:

We think that the law in Tennessee today as developed by the cases of *Main Street Transfer & Storage Co. v. Smith,* 166 Tenn. 482, 63 S.W.2d 665; *Virginia Avenue Coal Co. v. Bailey,* 185 Tenn. 242, 205 S.W.2d 11; and *Halfacre v. Hart,* 192 Tenn. 342, 346, 241 S.W.2d 421, is that the assured clear distance rule does not apply where the motorist encounters a dangerous situation which in the exercise of reasonable care he had no reason to expect, and that drivers must use reasonable care under the circumstances which exist at the particular time, and the standard for such reasonable care is flexible, some occasions and sets of circumstances requiring a higher degree of care than others and that, therefore, the question of whether a plaintiff under a certain set of circumstances did or did not exercise the required standard of care is a question for the jury to determine. 264 S.W.2d at 237.

■ There is material evidence from which the triers of fact could reasonably conclude plaintiff's damages were proximately caused by the operation of the oncoming vehicle into plaintiff's traffic lane and not by defendant-operator.

■ Additionally, plaintiff contends the court erred in charging the doctrine of sudden emergency. Plaintiff argues that a party to be entitled to the sudden emergency doctrine must be free from fault, citing several cases. We agree, and the determination of whether the defendant was free from fault was properly for determination by the jury. For a case conceptually similar, see *Irvin v. City of Kingsport,* 602 S.W.2d 495 (Tenn.App.1980).

We affirm the judgment of the trial court and remand at appellants' cost.

PARROTT, P.J., and SANDERS, J., concur.