James A. REENER; Eva B. Reener; Floyd Beckham; Jean Beckham; Robert Louis Beckham, A Minor Child, By and Through His Father and Next Friend, Floyd Beckham; and Floyd Roddell Beckham, a Minor Child, By His Father and Next Friend, Floyd Beckham, Appellants/Cross–Appellees,

v.

**HILL & WILLIAMS BROS., INC.,**
Appellee/Cross–Appellant.

**No. 91–1972.**

Court of Appeals of Iowa.

May 4, 1993.

James R. Lawyer and Tom L. Drew of Lawyer, Lawyer, Dutton & Drake, West Des Moines, for appellants.

James E. Walsh, Jr., and Paul W. Demro of Clark, Butler, Walsh & McGivern, Waterloo, for appellee.

Considered by DONIELSON, P.J., and SACKETT and HABHAB, JJ.

DONIELSON, Presiding Judge.

Plaintiffs James A. Reener, Eva B. Reener, Floyd Beckham, Jean Beckham, Robert Louis Beckham, and Floyd Roddell Beckham appeal from a judgment for defendant, Hill & Williams Bros., Inc., in an action for damages for injuries received in a traffic accident.

On December 12, 1988, a vehicle in which plaintiffs James Reener and Floyd Beckham were passengers and a truck owned by defendant, an Iowa trucking firm, were involved in an accident on a freeway in Tennessee. The vehicle in which several of the plaintiffs were riding stopped suddenly when the car ahead of them stopped for a couch which had fallen off a pickup truck onto the freeway during rush hour. The plaintiffs' vehicle was then hit by defendant's truck. Plaintiffs sued in Linn County, Iowa, for injuries sustained in the accident. Following a jury trial, the jury returned a verdict in favor of the defendant specifically finding there was no negligence on the part of the defendant.

Plaintiffs filed a motion for new trial pursuant to Iowa Rules of Civil Procedure 244(f) and 244(h). Among other grounds, the plaintiffs argued the district court erred when it instructed the jury on the defenses of sudden emergency and unavoidable accident. The motion was denied.

Plaintiffs now appeal. Plaintiffs contend the trial court erred in not granting their motion for new trial. Plaintiffs argue they are entitled to a new trial because the instructions on the defenses of sudden emergency and unavoidable accident were not supported by any evidence at trial.

 An aggrieved party may be granted a new trial for errors of law or mistakes of fact only if they materially affect the party's "substantial rights." Iowa R.Civ.P. 244; *Grefe v. Ross*, 231 N.W.2d 863, 868 (Iowa 1975). The district court has considerable discretion in the matter of whether to afford an aggrieved litigant a new trial. *Kaiser v. Stathas*, 263 N.W.2d 522, 525 (Iowa 1978). Only when there is a clear abuse of that discretion will we interfere with the court's ruling upon the motion. *Houvenagle v. Wright*, 340 N.W.2d 783, 785 (Iowa App.1983).

Regarding the submission of instructions to a jury, the parties to a lawsuit are entitled to have their legal theories submitted to a jury "as long as they are supported by pleadings and substantial evidence." *Sanders v. Ghrist*, 421 N.W.2d

520, 522 (Iowa 1988). Any instructions drafted by the district court must fairly cover the issues presented. *Id.*

The parties are in agreement that Tennessee law was the applicable law in this matter. Therefore, the question on appeal is whether there is substantial evidence under Tennessee law which supported the submission of instructions regarding the defenses of sudden emergency and unavoidable accident.

The jury was instructed the plaintiffs had to prove the defendant was negligent in one or more of the following ways:

a. Following too close;

b. Driving at an excessive rate of speed for the conditions then existing on the roadway;

c. Failure to keep a proper lookout;

d. Failure to maintain control;

e. Failure to maintain an assured clear distance ahead.

Jury Instruction No. 16. The jury was further instructed a finding of subparts (a), (d), or (e) constituted negligence *"unless* the circumstances of the accident indicate that the doctrine(s) of unavoidable accident and/or sudden emergency is/are applicable." Jury Instruction Nos. 17, 20, 21 (emphasis added).

■ The defense of sudden emergency and the defense of unavoidable accident both have been recognized in Tennessee as a complete defense for negligence. *Ellison v. Lankford,* 650 S.W.2d 762, 763 (Tenn.App.1983); *Nelson v. Richardson,* 626 S.W.2d 702, 704 (Tenn.App.1981). However, to rely upon either defense, the party must be free from fault. *Ellison,* 650 S.W.2d at 763, *Nelson,* 626 S.W.2d at 704.

The plaintiffs first contend the jury should not have been instructed on the defense of sudden emergency. Under the doctrine of sudden emergency,

one confronted with a sudden emergency is not held to the same accuracy of judgment as would be required if he had time for deliberation; and if he exercises such care as an ordinarily prudent person

would exercise in the like emergency, he is not liable for the resulting injury.

*Irvin v. City of Kingsport,* 602 S.W.2d 495, 498 (Tenn.App.1980).

In *Ellison v. Lankford,* 650 S.W.2d 762, 763 (Tenn.App.1983), the Tennessee Court of Appeals recognized the defense of sudden emergency in relation to the defendant's compliance with the assured clear distance rule statute. Tennessee law has a "close following" statute similar to Iowa's assured clear distance statute. *See* Iowa Code § 321.307 (1991); Tenn.Code Ann. § 55–8–124(a) (1989).

In *Ellison,* the defendant had been operating a tractor-trailer within the speed limit and came around a blind curve. 650 S.W.2d at 763. He was unable to stop before striking a vehicle which had stopped ahead of him. *Id.* In determining whether the defendant was negligent in failing to maintain an assured clear distance, the *Ellison* court relied on language found in *Strickland Transportation Co. v. Douglas,* 37 Tenn.App. 421, 264 S.W.2d 233 (1953). Quoting from *Strickland,* the court stated:

"[T]he law in Tennessee today ... is that the assured clear distance rule does not apply where the motorist encounters a dangerous situation which in the exercise of reasonable care he had no reason to expect, and that drivers must use reasonable care under the circumstances which exist at the particular time, and the standard for such reasonable care is flexible, some occasions and sets of circumstances requiring a higher degree of care than others and that, therefore, the question of whether a plaintiff under a certain set of circumstances did or did not exercise the required standard of care is a question for the jury to determine."

*Ellison,* 650 S.W.2d at 763 (quoting *Strickland,* 264 S.W.2d at 237) (citations omitted).

■ The plaintiffs also contend the district court erred in instructing the jury on the defense of unavoidable accident. The doctrine of unavoidable accident applies when the facts of the case would have produced an accident or collision in spite of the exercise of reasonable care. *See*

*McCandless v. Oak Constructors, Inc.,* 546 S.W.2d 592, 603 (Tenn.App.1976).

> An unavoidable accident or inevitable accident is such an occurrence or happening as, under all attendant circumstances and conditions, could not have been foreseen or anticipated in the exercise of ordinary care as the proximate cause of injury by any of the parties concerned. In other words, where there is no evidence that the operator of the vehicle was negligent in any way, or that he could have anticipated the resulting accident, the accident is deemed to have been an unavoidable or inevitable one for which no recovery may be had.

*Nelson v. Richardson,* 626 S.W.2d 702, 704 (Tenn.App.1981) (quoting 7A Am.Jur.2d *Automobiles and Highway Traffic* § 397 (1980)).

■ The plaintiffs contend the jury received no evidence during trial which could reasonably support a verdict for the defendant on the legal excuse of sudden emergency or unavoidable accident. Specifically, the plaintiffs claim there existed a significant time interval between the time they stopped for the couch in the roadway and the time of the accident. Therefore, they argue the defendant's truck had time to stop safely without colliding into their vehicle.

The determination of whether there was sufficient time to stop and the subsequent determination of whether the defendant was excused by the defenses of sudden emergency or unavoidable accident were simply questions for the jury. The plaintiffs on appeal have only raised the issue that the district court erred in refusing their motion for a new trial based on the "erroneous submission" to the jury of the defenses of sudden emergency and unavoidable accident. Therefore, our determination is limited to whether there was substantial evidence to justify the submission of instructions on the defenses of sudden emergency and unavoidable accident.

In this case, the accident occurred on a busy stretch of interstate freeway outside of Nashville. Like most freeways, there were no stoplights or stop signs along the road. Traffic was moving steadily at highway speeds and was not "stop and go." Witnesses testified it was not possible to change lanes quickly due to the heavy traffic. It was under these conditions that a couch fell from a pickup truck onto the freeway without any warning. A car stopped in the roadway ahead of plaintiffs' car and plaintiffs' car then stopped. At that point, the defendant's truck collided into plaintiffs' vehicle.

From our review of the above circumstances, we conclude there was substantial evidence to justify the submission of instructions on the defenses of sudden emergency and unavoidable accident. The district court did not abuse its discretion in refusing to grant the plaintiffs' motion for new trial based on the submission of these instructions.

The costs of this appeal are taxed to the plaintiffs.

For the reasons stated, we affirm the judgment of the district court.

**AFFIRMED.**

HABHAB, J., concurs.

SACKETT, J., specially concurs.

SACKETT, Judge (specially concur).

I concur specially without opinion.