## IN THE COURT OF APPEALS OF TENNESSEE,
## AT JACKSON

_____

|  |  |  |
|---|---|---|
| **CATHERINE EDMUNDSON**, | ) | Shelby County Circuit Court |
|  | ) | No. 64772-3 T.D. |
| Plaintiff/Appellee. | ) |  |
|  | ) |  |
| VS. | ) | C.A. No. 02A01-9810-CV-00298 |
|  | ) |  |

# FILED

**October 6, 1999**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

|  |  |
|---|---|
| **JIMMY C. GRISHAM,** | ) |
| **d/b/a GERMANTOWN PEST** | ) |
| **CONTROL, GERMANTOWN** | ) |
| **TERMITE AND PEST CONTROL,** | ) |
| **INC., AND CHRISTOPHER D.** | ) |
| **ALEXANDER,** | ) |
|  | ) |
| Defendants/Appellants. | ) |
|  | ) |
| AND | ) |
|  | ) |
| **LESTER M. VANDERFORD**, | ) |
|  | ) |
| Defendant. | ) |

_____

From the Circuit Court of Shelby County at Memphis.
**Honorable Karen R. Williams, Judge**

**William L. Hendricks, Jr.**, GLANKLER BROWN, PLLC, Memphis, Tennessee
Attorney for Defendants/Appellants.

**Richard Glassman**,
**James F. Horner**,
GLASSMAN, JETER, EDWARDS AND WADE, P.C., Memphis, Tennessee
Attorneys for Plaintiff/Appellee.

OPINION FILED:

**AFFIRMED AND REMANDED**

**FARMER, J.**

**CRAWFORD, P.J., W.S.**: (Concurs)
**LILLARD, J.**: (Concurs)

Defendants Jimmy C. Grisham, d/b/a Germantown Pest Control, Germantown Termite and Pest Control, Inc., and Christopher D. Alexander appeal the trial court's judgment entered on a jury verdict in favor of Plaintiff/Appellee Catherine Edmundson in the amount of $50,000. We affirm the trial court's judgment.

Edmundson sued the Defendants for injuries she sustained in a September 1993 automobile accident. In her complaint, Edmundson alleged that the accident occurred when a truck driven by Defendant Christopher D. Alexander struck the rear of an automobile driven by Lester M. Vanderford. Vanderford's automobile, in turn, struck the rear of Edmundson's automobile. At the time of the accident, Alexander was acting within the scope and course of his employment with Defendants Jimmy C. Grisham and Germantown Termite and Pest Control. Edmundson's complaint named Vanderford as an additional defendant, but she filed a voluntary nonsuit dismissing him from the lawsuit prior to trial.

During the course of discovery, Edmundson served Alexander with a set of interrogatories that included, *inter alia*, the following interrogatory number 4:

> Please state the name, address and telephone number of any one whom you claim to have any relevant knowledge of this litigation and the facts and circumstances surrounding any part of it. Please take notice that this party will object to any person testifying at trial who is not listed in these Answers to these Interrogatories.

Alexander responded to the interrogatory by stating that, "[o]ther than the parties to this lawsuit and PST V.D. VanBuren, there are no such persons having knowledge of any relevant facts surrounding this litigation."

At trial, the Defendants sought to limit Edmundson's recovery by showing that she sustained some of her injuries in a second automobile accident that occurred in April 1995 rather than in the September 1993 accident. Edmundson testified that she sustained "no injuries whatsoever" in the April 1995 accident. On cross-examination, Edmundson acknowledged that her automobile was seriously damaged in the accident and that she was transported by ambulance to the hospital; however, Edmundson did not recall complaining of any pain immediately after the accident.

To impeach Edmundson's testimony, the Defendants sought to introduce the testimony of David Tucker, the Memphis Fire Department paramedic who treated Edmundson at the scene of the April 1995 accident. Tucker's testimony, as proffered by the Defendants, indicated that Edmundson complained of pain in her neck, back, right hip, and forearms shortly after the accident. Tucker placed Edmundson "on a long spine board with a C-Collar and some spider straps" and transported her to a local hospital. On cross-examination, Tucker could not confirm that Edmundson actually suffered any kind of an injury as a result of the accident. Tucker explained that "we're taught as paramedics to assume the worst and treat for the worst" and that, once the patient reaches the hospital, the paramedics "let the doctor make that decision as to what's actually wrong with the patient."

Edmundson objected to the admission of Tucker's testimony on the basis that Alexander did not identify Tucker as a potential witness in his response to Edmundson's interrogatory number 4.

*See Strickland v. Strickland*, 618 S.W.2d 496 (Tenn. App. 1981). The trial court sustained Edmundson's objection and excluded Tucker's testimony from the trial.

As previously noted, the jury returned a verdict in favor of Edmundson in the amount of $50,000. After the trial court entered a judgment in accordance with the jury's verdict, the Defendants filed a motion for new trial pursuant to rule 59.02 of the Tennessee Rules of Civil Procedure. The Defendants' motion did not specifically state any grounds for their request for a new trial. Rather, the motion contained only the following text:

> COMES NOW the Defendants, Jimmy C. Grisham d/b/a Germantown Pest Control, Germantown Termite and Pest Control, Inc., and Christopher D. Alexander, pursuant to Tennessee Rules of Civil Procedure 59.02 and moves the court for an order granting a new trial in this action.

The trial court denied the Defendants' motion for new trial, and this appeal followed.

On appeal, the Defendants' sole contention is that the trial court improperly excluded Tucker's testimony from the evidence at trial. We conclude that the Defendants waived this issue for purposes of appellate review by failing to raise it in their motion for new trial.

This court has explained that "[a] motion for new trial is considered an important step of post-trial and appellate procedure in jury cases" because "[i]t specifically affords the trial judge the opportunity to consider or reconsider alleged errors committed during the course of trial or other matters affecting the jury or the verdict." *Cortez v. Alutech, Inc.*, 941 S.W.2d 891, 894 (Tenn. App. 1996). To this end, rule 3(e) of the Tennessee Rules of Appellate Procedure provides that

> in all cases tried by a jury, no issue presented for review shall be predicated upon error in the admission or exclusion of evidence, jury instructions granted or refused, misconduct of jurors, parties or counsel,

> or other action committed or occurring during the trial of the case, or other ground upon which a new trial is sought, unless the same was specifically stated in a motion for a new trial; otherwise such issues will be treated as waived.

T.R.A.P. 3(e). In accordance with this rule, where a party fails to raise the issue of excluded evidence in a motion for new trial, this failure constitutes a waiver of the issue on appeal. *Hartsell ex rel. Upton v. Fort Sanders Reg'l Med. Ctr.*, 905 S.W.2d 944, 950 (Tenn. App. 1995), *cert. denied*, 517 U.S. 1120 (1996); *accord Nelson v. Richardson*, 626 S.W.2d 702, 705 (Tenn. App. 1981).

In the present case, the Defendants' sole issue on appeal is whether the trial court erred in excluding Tucker's testimony; however, the Defendants' motion for new trial failed to specifically state this alleged error as one of their grounds for seeking a new trial. In fact, the Defendants' motion for new trial failed to specifically state any ground for seeking a new trial. In light of this failure, the Defendants have waived the exclusion of Tucker's testimony as an issue on appeal.

In their reply brief, the Defendants insist that they raised this issue both (1) in the memorandum of law submitted in support of their motion for new trial and (2) at the hearing on their motion for new trial. The record on appeal, however, includes neither the Defendants' memorandum of law nor a transcript of the hearing on the Defendants' motion. Thus, the record submitted to this court does not support the Defendants' contention that they raised this issue in their motion for new trial.

As the appellants, the Defendants had the duty to prepare a record that conveyed a fair, accurate, and complete account of what transpired in the trial court with respect to the issue that forms the basis of their appeal. *Nickas v. Capadalis*, 954 S.W.2d 735, 742 (Tenn. App. 1997); T.R.A.P. 24(b). Absent such a record, this court must presume that the trial court's determination of the issue was correct. *State v. Boling*, 840 S.W.2d 944, 951 (Tenn. Crim. App. 1992).

Accordingly, the trial court's judgment is affirmed, and this cause is remanded for further proceedings consistent with this opinion. Costs of this appeal are taxed to the Defendants, for which execution may issue if necessary.

 

_____
FARMER, J.

 

_____
CRAWFORD, P.J., W.S. (Concurs)

 

_____
LILLARD, J. (Concurs)