IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
December 8, 2009 Session

**SHEREE MACLEOD v. LORETTA McKENZIE**

**Appeal from the Circuit Court for Blount County**
**No. L-15791      Hon. W. Dale Young, Judge**

**No. E2009-01076-COA-R3-CV - FILED FEBRUARY 16, 2010**

Plaintiff was injured in an accident while in an automobile operated by defendant. Plaintiff's action charges defendant with negligent operation of the motor vehicle, causing the accident and her resulting injuries. Defendant was operating her vehicle on a wet roadway. She skidded, which she claims was the sole cause of the accident. The Trial Court granted defendant summary judgment. On appeal, we hold that there are disputed issues of material fact as to whether defendant was negligent in the operation of her motor vehicle, independent of the vehicle's skidding, and remand the case for trial.

**Tenn.  R. App. P.3 Appeal as of Right; Judgment of the Circuit Court Reversed.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the Court, in which D. MICHAEL SWINEY, J., and JOHN W. MCCLARTY, J., joined.

Andrew J. Roberto, Knoxville, Tennessee, for the appellant, Sheree MacLeod.

Kenneth W. Ward, Knoxville, Tennessee, for the appellee, Loretta McKenzie.

**OPINION**

Plaintiff's Complaint against the defendant, alleged that  plaintiff was a passenger in defendant's motor vehicle, and due to defendant's negligent operation of the vehicle plaintiff was injured in an accident. Defendant answered, denying all allegations of negligence, and averred that

the sole cause of the accident was the wet condition of the road at the time of the accident.

Defendant then filed a Motion for Summary Judgment, and in her Statement said that she and plaintiff were on their way home from a relative's house when the accident occurred, and that the road was wet, causing her to lose control of her vehicle in a curve. She stated the road was slick, that she was not driving too fast for the road conditions, and was at or under the speed limit of 35 mph. She stated that when the car began to fishtail, she immediately applied the brakes, and that there was nothing she could do to avoid the accident.

Defendant also attached plaintiff's deposition, where plaintiff stated that she sustained cuts and bruises from the wreck, and broke both wrists. Also, that she and defendant (her mother) traveled the road frequently, and that the accident occurred during daylight hours. Plaintiff also testified that defendant was not speeding, and that there was nothing about her driving that seemed unsafe, and that she could not think of anything defendant could have done to avoid the accident.

Plaintiff then filed a Statement of Additional Material Facts, and stated that defendant was driving at the speed limit or slightly over, that she knew the road was wet, and that she knew that previous accidents had occurred in the area. Plaintiff stated that when the car started to fishtail, defendant panicked and hit her brakes hard. Plaintiff also filed a Response to Defendant's Statement of Material Facts, denying that the sole cause of the accident was the wet condition of the road and further denied that defendant was driving under the speed limit, and denied that defendant was not driving too fast for the conditions.

Defendant then filed a Response, denying that she was going over the speed limit (citing plaintiff's deposition testimony) and denying that she panicked and hit her brakes. Defendant had testified in her deposition that she was driving at or around the speed limit, and did not think she was driving faster than the speed limit, but was not sure. She testified that she might have been going slightly over. Defendant testified that when the car started to fishtail, she panicked, grabbed the steering wheel, and applied the brakes. Defendant testified that she hit the brakes hard.

The Trial Court entered an Order granting defendant's Motion for Summary Judgment, and plaintiff has appealed.

The issues presented on appeal are:

1.    Did the Trial Court err in granting defendant's Motion for Summary Judgment when defendant failed to regain control of her vehicle after losing traction because she panicked and slammed on the brakes?

2.    Did the Trial Court err in granting defendant's Motion for Summary Judgment when discovery produced conflicting facts as to defendant's rate of speed prior to the accident?

At the outset of our discussion, we note that the Trial Judge, in granting summary judgment, failed to comply with Tenn. R. Civ. P. 56.04, which requires a trial judge to state the legal grounds upon which the court denies or grants the motion.

Plaintiff argues that defendant admitted that she panicked and hit the brakes hard when her car started to slide, and that this created an issue regarding whether she acted negligently. Plaintiff also argues that there was a genuine issue of material fact regarding the speed at which defendant was driving when the accident occurred, and whether it was too fast for the road conditions. Further plaintiff charges that the Court erred in weighing the evidence on a motion for summary judgment, rather than taking the strongest legitimate view of the evidence in favor of plaintiff.

As the Supreme Court has recently explained:

> The moving party is entitled to summary judgment only if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits ... show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04; accord *Penley v. Honda Motor Co.*, 31 S.W.3d 181, 183 (Tenn. 2000). The moving party has the ultimate burden of persuading the court that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. *Byrd v. Hall*, 847 S.W.2d 208, 215 (Tenn. 1993). Accordingly, a properly supported motion for summary judgment must show that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. See *Staples v. CBL & Assocs., Inc.*, 15 S.W.3d 83, 88 (Tenn. 2000); *McCarley v. W. Quality Food Serv.*, 960 S.W.2d 585, 588 (Tenn. 1998). If the moving party fails to make this showing, then "the non-movant's burden to produce either supporting affidavits or discovery materials is not triggered and the motion for summary judgment fails." *McCarley*, 960 S.W.2d at 588; accord *Staples*, 15 S.W.3d at 88.

> The moving party may make the required showing and therefore shift the burden of production to the nonmoving party by either: (1) affirmatively negating an essential element of the nonmoving party's claim; or (2) showing that the nonmoving party cannot prove an essential element of the claim at trial. *Hannan v. Alltel Publ'g Co.*, 270 S.W.3d 1, 5 (Tenn. 2008); see also *McCarley*, 960 S.W.2d at 588; *Byrd,* 847 S.W.2d at 215 n. 5. Both methods require something more than an assertion that the nonmoving party has no evidence. *Byrd,* 847 S.W.2d at 215. Similarly, the presentation of evidence that raises doubts about the nonmoving party's ability to prove his or her claim is also insufficient. *McCarley*, 960 S.W.2d at 588. The moving party must either produce evidence or refer to evidence previously submitted by the nonmoving party that negates an essential element of the nonmoving party's claim or shows that the nonmoving party cannot prove an essential element of the claim at trial. *Hannan,* 270 S.W.3d at 5. We have held that to negate an essential element of the claim, the moving party must point to evidence that tends to disprove an essential factual claim made by the nonmoving party. See *Blair v. W. Town Mall*, 130 S.W.3d 761, 768 (Tenn. 2004). If the moving party is unable to make the required showing,

then its motion for summary judgment will fail. *Byrd*, 847 S.W.2d at 215.

If the moving party makes a properly supported motion, then the nonmoving party is required to produce evidence of specific facts establishing that genuine issues of material fact exist. *McCarley*, 960 S.W.2d at 588; *Byrd*, 847 S.W.2d at 215. The nonmoving party may satisfy its burden of production by:

> (1) pointing to evidence establishing material factual disputes that were over-looked or ignored by the moving party; (2) rehabilitating the evidence attacked by the moving party; (3) producing additional evidence establishing the existence of a genuine issue for trial; or (4) submitting an affidavit explaining the necessity for further discovery pursuant to Tenn. R. Civ. P., Rule 56.06.

*McCarley*, 960 S.W.2d at 588; accord *Byrd*, 847 S.W.2d at 215 n. 6. The nonmoving party's evidence must be accepted as true, and any doubts concerning the existence of a genuine issue of material fact shall be resolved in favor of the nonmoving party. McCarley, 960 S.W.2d at 588. "A disputed fact is material if it must be decided in order to resolve the substantive claim or defense at which the motion is directed." *Byrd*, 847 S.W.2d at 215. A disputed fact presents a genuine issue if "a reasonable jury could legitimately resolve that fact in favor of one side or the other." Id.

Because the resolution of a motion for summary judgment is a matter of law, we review the trial court's judgment de novo with no presumption of correctness. *Blair*, 130 S.W.3d at 763. In addition, we are required to review the evidence in the light most favorable to the nonmoving party and to draw all reasonable inferences favoring the nonmoving party. Staples, 15 S.W.3d at 89.

*Martin v. Norfolk Southern Ry. Co.*, 271 S.W.3d 76 (Tenn. 2008).

Applying this standard of review, we are required to review the Trial Court's decision *de novo* with no presumption of correctness, and view the evidence in the light most favorable to plaintiff.

Plaintiff asserts that defendant acted negligently in driving at or over the speed limit, thus driving at a speed that was too fast for the wet condition of the road, and in panicking and losing control of the vehicle once it started to skid. Plaintiff points to defendant's testimony, wherein she stated that she was going at or slightly over the speed limit, that she knew the road was wet, and that she "panicked" and hit the brakes hard once the vehicle started to lose traction.

Viewing the evidence in the light most favorable to plaintiff, we conclude there was a genuine issue of fact regarding whether defendant was guilty of negligence that proximately caused the accident. While defendant in her testimony concluded she was not driving too fast for the conditions, this was a conclusion, and if defendant was exceeding the speed limit on wet roads, this

could be evidence of negligent operation of the vehicle. Defendant points to the case of *Davis v. Sparkman*, 396 S.W.2d 91 (Tenn. Ct. App. 1964), where this Court stated: "In the absence of antecedent negligence or negligence in the operation of the car after it has skidded, liability of the * * * driver * * * cannot be predicated solely on skidding on a wet or slippery road." *Davis,* quoting *Shepard v. Ball*, 337 S.W.2d 243 (Tenn. Ct. App. 1960). In this case, however, viewing the evidence in the light most favorable to plaintiff, if defendant was driving over the speed limit and going too fast for the road conditions, this could be considered by the trier of facts as antecedent negligence before the skid.

Similarly, if defendant "panicked" and hit the brakes too hard causing her to lose control after the vehicle had skidded, this also creates an issue of disputed fact as to whether defendant exercised ordinary care under the circumstances.

Defendant points to the "sudden emergency" doctrine in defense of the foregoing, which states that "one confronted with a sudden emergency is not held to the same accuracy of judgment as would be required if he had time for deliberation; and if he exercises such care as an ordinarily prudent person would exercise in a like emergency, he is not liable for the resulting injury." *Irvin v. City of Kingsport*, 602 S.W.2d 495 (Tenn. Ct. App. 1980). That case went on to say that "[t]he arising of an emergency does not, however, relieve one from the obligation of exercising ordinary care under the circumstances." *Id.* The question of whether defendant exercised ordinary care under the circumstances is a question of fact. We conclude genuine issues of material fact exists regarding whether defendant acted negligently either before or after the car began to slide, and the Trial Court erred in granting summary judgment.[1]

The Trial Court is reversed and the cause remanded, with the cost of the appeal assessed to Loretta McKenzie.

 

 

_____
HERSCHEL PICKENS FRANKS, P.J.

---

[1]This case is another example of why summary judgments are generally inappropriate in negligence cases. *Bowman v. Heward*, 547 S.W.2d 527, Tenn. Lexis 556 (Tenn. 1977).

-5-